### UNITED STATES v. MOZZONE et al.

(District Court, W. D. Washington, N. D.   October 13, 1920.)

No. 5560.

Intoxicating liquors ⊜137, 139—One licensed to operate perfumery still held not liable for manufacturing or possessing liquor.

Where one charged with violating the National Prohibition Act by unlawfully manufacturing and possessing intoxicating liquor was duly licensed under title 2, § 4, of the act to operate a perfumery still, and the information did not charge that he did "knowingly sell" intoxicating liquors, he was not liable where the notice, hearing, and command to desist, required by title 2, §§ 4, 5, of the act, had not been given.

P. Mozzone and others were charged with violating the National Prohibition Act, and filed plea in abatement.   On demurrer to the plea.   Demurrer overruled.

Robert C. Saunders, U. S. Atty., of Seattle, Wash.
Lundin & Barto, of Seattle, Wash., for defendants.

NETERER, District Judge.   The defendants are charged by information in count 1 with the unlawful manufacture of "certain intoxicating liquor, to wit, one pint of distilled spirits, containing more than one-half of 1 per centum by volume of alcohol, for beverage purposes," and in count 2 with unlawfully possessing the same liquor for the purpose of selling, etc., and in count 3, are charged with unlawfully having in their possession certain property, to wit, "a certain still and about nine barrels of grape mash designed for the manufacture of liquors, containing more than one-half of 1 per centum of alcohol by volume, fit for beverage purposes, all in violation of the National Prohibition Act [41 Stat. 305]."

The defendants file a plea in abatement, in which it is stated that on the 28th day of June, 1920, the Commissioner of Internal Revenue certified that the defendant Mary Mozzone had duly registered, as required by the Internal Revenue Regulations, one copper still of 2½ gallon capacity, for use in the distillation of perfume at the place charged in the information; that a bond was filed as required by law, and the still was authorized for use in the distillation of perfume in accordance with section 4, title 2, of the National Prohibition Act.

It is further alleged that the defendants Mary Mozzone and P. Mozzone, her husband, owned and conducted a business for manufacturing and selling perfumes, under the name of Maison des Fleurs, at the place charged in the information; that in the building adjoining, the Flora Company, Incorporated, conducts its business of manufacturing nonalcoholic drinks, of which the defendant P. Mozzone is president and manager, and Mary Mozzone is vice president and secretary; that the defendant J. Giordano is an employé; that on March 18, 1920, bond was given "in accordance with law" for the sum of $1,000, and on April 17 thereafter a permit was issued by the United States federal prohibition director to the said company to

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

operate a dealcoholizing plant and to use nonintoxicating liquor in the operation thereof, for nonbeverage purposes, and by virtue of said permit said nine barrels of grape mash referred to in count 3 of the information were in possession of the said Flora Company; that in June, 1920, a federal prohibition inspector, for the Commissioner of Internal Revenue, seized the still authorized as stated, and at a hearing before the United States commissioner testified that the pint of distilled spirits referred to in counts 1 and 2 of the information came from the still; that the Commissioner failed to give to the defendants notice as required by section 5, title 2, of the National Prohibition Act, and failed to comply with the requirements of that section, and because of these omissions and the facts therein stated there is no warrant or authority for proceeding against defendants under sections 29 or 25, title 2, of the National Prohibition Act, and that the prosecution is contrary to law; and prays that the information be quashed.

The government has demurred to the plea.

Section 4, National Prohibition Act, enumerates articles which shall not, after having been manufactured and prepared for market, be subject to the provisions of the act if they correspond with:

"The following description and limitations, namely:

"(a) Denatured alcohol or denatured rum produced and used as provided by law and regulations now or hereafter in force.

"(b) Medicinal preparations manufactured in accordance with formulas prescribed by the United States Pharmacopœia, National Formulary or the American Institute of Homeopathy that are unfit for use for beverage purposes.

"(c) Patented, patent, and proprietary medicines that are unfit for use for beverage purposes.

"(d) Toilet, medicinal, and antiseptic preparations and solutions that are unfit for use for beverage purposes.

"(e) Flavoring extracts and sirups that are unfit for use as a beverage, or for intoxicating beverage purposes.

"(f) Vinegar and preserved sweet cider.

"A person who manufactures any of the articles mentioned in this section may purchase and possess liquor for that purpose, but he shall secure permits to manufacture such articles and to purchase such liquor."

Section 2, tit. 3, of the National Prohibition Act provides that:

"Any person now producing alcohol shall, within thirty days after passage of this act, make application to the Commissioner for registration of his industrial alcohol plant, and as soon thereafter as practicable the premises shall be bonded and permit may issue for the operation of such plant, and any person hereafter establishing a plant for the production of alcohol shall likewise before operation make application, file bond, and receive permit."

Section 25, art. 4, of the regulations relative to the manufacture, sale, barter, transportation, importation, exportation, delivery, furnishing, purchasing, possession, and use of alcoholic liquor, provides that:

"Alcohol may be manufactured for the purposes herein authorized on the premises of any industrial alcohol plant established under the provisions of title 3 of the National Prohibition Act, in accordance with the procedure outlined in regulation No. 61, without the necessity of obtaining further permit under these regulations. (a) Whisky, brandy, rum, * * * may be manufactured for such purposes on the premises of any duly registered distillery established under existing laws and regulations upon obtaining permit as required in article 3 hereof."

Section 46, article 6, of the same regulations, provides that:

"Duly qualified distillers operating fruit distilleries or industrial alcohol plants who have obtained permit, as provided herein in regulations No. 61, may procure liquids, such as beer, ale, porter, or wine, from duly qualified breweries, bonded wineries," etc.

Section 80, article 15, of the same regulations, provides that:

"All persons holding permits under these regulations to manufacture * * * intoxicating liquor are authorized to possess intoxicating liquor lawfully manufactured. * * *"

Section 4 of title 2 of the National Prohibition Act also provides that:

"Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c, and d of this section for beverage purposes, or any extract or sirup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purposes, or shall sell any beverage containing one-half of one per centum or more of alcohol by volume in which any extract, sirup, or other article is used as an ingredient, shall be subject to the penalties provided in section 29 of this title."

The specific act which brings the conduct of a party within the penalties provided in section 29, supra, is "knowingly sell." The information does not charge in either count the selling; in count 1 it charges unlawfully manufacturing, and in count 2 unlawfully possessing, intoxicating liquor. Section 5 of title 2 of the National Prohibition Act, supra, provides that:

"Whenever the Commissioner has reason to believe that any article mentioned in section 4 does not correspond with the description and limitations therein provided, he shall cause an analysis of said article to be made, and if, upon such analysis, the Commissioner shall find that said article does not so correspond, he shall give not less than fifteen days' notice in writing to the person who is the manufacturer thereof to show cause why said article should not be dealt with as an intoxicating liquor, such notice to be served personally or by registered mail, as the Commissioner may determine, and shall specify the time when, the place where, and the name of the agent or official before whom such person is required to appear."

Section 4 of the act, supra, in addition to the provision above quoted, provides that:

"If the Commissioner shall find, after notice and hearing as provided for in section 5 of this title, that any person has sold any flavoring extract, sirup, or beverage in violation of this paragraph, he shall notify such person, and any known principal for whom the sale was made, to desist from selling such article; and it shall thereupon be unlawful for a period of one year thereafter for any person so notified to sell any such extract, sirup, or beverage without making an application for, giving a bond, and obtaining a permit so to do, which permit may be issued upon such conditions as the Commissioner may deem necessary to prevent such illegal sales, and in addition the Commissioner shall require a record and report of sales."

Punishment for violation charged is specifically set forth in section 4, and is twofold: (a) For "knowingly selling" the penalties provided in section 29 of the act apply; and (b) revocation of the permit by the Commissioner by following the procedure therein outlined. In Lowndes v. Huntington, 153 U. S. 1, at page 22, 14 Sup. Ct. 758, 762 (38 L.

Ed. 615), the Supreme Court quotes with approval Long v. Culp, 14 Kan. 412–414, as follows:

"It is also a rule of construction that, when one section of a statute treats specially and solely of a matter, that section prevails in reference to that matter over other sections in which only incidental reference is made thereto. Not because one section has more force as a legislative enactment than another, but because the legislative mind having been, in the one section, directed to this matter, must be presumed to have there expressed its intention thereon rather than in other sections where its attention was turned to other things."

From the defendants' plea it appears that they have complied with the National Prohibition Act by having a still registered and obtained a permit to operate a dealcoholizing plant, and there is no charge that any of the prohibited articles were knowingly sold. The provisions of sections 4 and 5 of the National Prohibition Act are applicable, and the demurrer to the plea should be overruled; and such will be the order.